# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-1006-CG-MU |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant. | | |

## **REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff's one-page *pro se* complaint (Doc. 1), which contains a request to proceed without prepayment of fees and costs (*see id.* ("I do not have money to pay for fee[s] or costs[.]")). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond's complaint contains a request for leave to proceed without prepayment of costs and fees (Doc. 1, at 1), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of Plaintiff's Complaint, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because this Court lacks subject matter jurisdiction over a suit against the Internal Revenue Service ("IRS")—the IRS is not an entity that can be

sued—and even treating this action as one against the United States, Plaintiff has failed to state a claim upon which relief may be granted.[1]

## BRIEF BACKGROUND

On November 19, 2019, the *pro se* Plaintiff filed what he presumably intended to be a complaint—although the document is not designated as such—against the IRS. (Doc. 1). The entirety of Plaintiff's allegations consist of the following:

---

[1] Based upon the contents of this Report and Recommendation, the undersigned simply **MOOTS** Diamond's within request to proceed without prepayment of fees and costs (Doc. 1, at 1).

The instant case is the tenth (10th), in a total of eleven (11), Diamond has filed in this Court in a period just exceeding three weeks. The Court has found that each (like the present one) should be dismissed (either with or without prejudice) prior to service of process. Since "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions[,]" *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir. 1986) (citation omitted); *see In re McDonald,* 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) ("Every paper filed with the Clerk of [] Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."), the undersigned would urge the Court to enjoin Diamond from filing any new actions in this Court unless he pays the $400.00 filing fee *or* files an accurately-completed motion to proceed without prepayment of fees (on this Court's form) *and* has obtained leave of this Court to file the new action. *See, e.g., Brewer v. United States,* 614 Fed.Appx. 426, 428 (11th Cir. June 9, 2015) (citing *Procup, supra,* 792 F.2d at 1072, and recognizing that district courts may direct the litigant to seek leave of court before filing pleadings in any new lawsuit in an effort to curtail repetitive and vexatious litigation); *Dinardo v. Palm Beach County Circuit Court Judge,* 199 Fed.Appx. 731, 736-37 (11th Cir. July 18, 2006) ("[W]e have upheld dismissals of *pro se* actions where the plaintiffs, who were frequent litigators, violated injunctions prohibiting them from filing or attempting to initiate any new lawsuits in any federal court without first obtaining leave of the court."); *Martin-Trigona v. Shaw,* 986 F.2d 1384, 1387 (11th Cir. 1993) ("This Court has upheld pre-filing screening restrictions on litigious plaintiffs."); *Procup, supra,* 792 F.2d at 1072-73 (setting forth an unexhaustive list of methods to curtail repetitive and vexatious litigation). To this end, the Clerk's Office should be instructed not to file any new action it receives from Diamond until the undersigned Magistrate Judge directs the Clerk to file the action. If Diamond is not granted leave of court, his action will be returned to him by mail; if he is granted leave of court and his complaint filed, he will be informed of this action by mail as well. This injunction does not prevent Diamond from pursuing the actions he has already filed in this Court at this time, inclusive of filing an appropriate amended complaint (and appropriate IFP motion on this Court's form) where he has been given leave to file an amended complaint.

> I irs had took my kid[s] and said they was not mine to money for me form 2013-2019 send it to the SSA for unemployment compensation got proof and did not go by the book they was using so I a[m] asking for a relief of 200,000 and there are 3 IRS page USA.gov, IRS.com, white, orange, blue one I send the information to the US FBI get information US FBI and you will see what they did

(*Id.*).

## **DISCUSSION**

The Court in this case applies clearly-established law that "the IRS cannot be sued in its own name because it is not an agency permitted by Congress to be sued *eo nomine*." *Price v. I.R.S.,* 2002 WL 1058154,*1 (S.D. Ala. Apr. 11, 2002) (citations omitted); *see also Hedley v. I.R.S.,* 2011 WL 4073788, *2 (N.D. Ga. Jan. 7, 2011) (recognizing the IRS "cannot be sued directly[]"); *McLaurine v. Mid South Restaurants, Inc.,* 2007 WL 1893318, *4 (M.D. Ala. Apr. 23, 2007) ("The IRS argues, **correctly**, that it cannot be sued as an individual entity."); *Brewer v. Commissioner, Internal Revenue,* 435 F.Supp.2d 1174, 1178 (S.D. Ala. 2006) ("[T]he IRS is not an entity that can be sued."); *Johnson v. I.R.S.,* 2005 WL 6272919, *3 (S.D. Ga. Sept. 30, 2005) ("Congress has not designated . . . the IRS as [a] bod[y] corporate and has not authorized [it] to be sued."). As a result, this Court cannot exercise subject-matter jurisdiction in a suit brought against the IRS. *See Pace v. Platt,* 2002 WL 32098709, *3 (N.D. Fla. Sept. 10, 2002), *aff'd,* 67 Fed.Appx. 584 (11th Cir. Apr. 24, 2003).

In addition, even upon treating this action as one against the United States, *see Brewer, supra,* at 1178 ("The proper approach when the IRS is sued is to treat the action as one brought against the United States."), the case must be dismissed prior to service because Diamond's complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

> To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
> Federal Rule of Civil Procedure 8(a) further provides that in order to state a claim for relief, a pleading must contain:
>
>> (1) a short and plain statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Fed.R.Civ.P. 8(a). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.,* 593 F.3d 1206, 1214 (11th Cir. 2012) (quotations omitted).

*Jones v. State of Florida Dep't of Management Servs.,* 674 Fed.Appx. 970, 971 (11th Cir. Jan. 27, 2017).

Diamond's complaint in this case makes clear only that he is seeking relief in the form of $200,000 in damages (Doc. 1, at 1). However, Plaintiff nowhere states a basis for federal jurisdiction in his complaint (*see id.*), though that is a requirement in order to comply with Rule 8(a)(1) and for this Court to exercise subject-matter jurisdiction, *see Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (pleader in federal court must affirmatively allege facts demonstrating the existence of jurisdiction). In addition, it is decidedly unclear what cause of action (or causes of action) Diamond is asserting against the United States, for purposes of Rule 8(a)(2), given his Complaint's incoherent stream of conscious nature. *See Dexter v. Alabama,* 2008 WL 2941156, *3 (S.D. Ala. July 24, 2008) (finding complaint "so confusing, opaque and inscrutable that the

4

defendants . . . cannot reasonably be expected to be placed on notice of the claims against them, formulate an appropriate response, and prepare for trial based on its contents."). Because Diamond's Complaint does not comply with Rule 8, he has failed to state a claim for relief and his complaint should be dismissed without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). *See Jones, supra,* 674 Fed.Appx. at 972 (affirming the district court's dismissal of a plaintiff's complaint for failure to state a claim).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B), because this Court lacks subject matter jurisdiction over a suit against the Internal Revenue Service ("IRS")—again, the IRS is not an entity that can be sued—and even treating this action as one against the United States, Plaintiff has failed to state a claim upon which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, *see Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that it may exercise subject-matter jurisdiction and that he has a plausible claim for relief against the United States.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of November, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**